CAMPBELL, Acting Chief Judge.
This appeal is from an action in which appellee/cross-appellant, Richard D. Weldon (Weldon), sought attorney’s fees for his representation of appellant/eross-appellee, William Carroll Davis (William), in certain criminal proceedings in which William was a defendant. Appellant/cross-appellee, Kenneth R. Davis (Kenneth), is William’s brother. Kenneth had mortgaged his real property as security for a promissory note that William had made to Weldon for Weldon’s upcoming legal services. The Davises appeal the final judgment which awarded Weldon attorney’s fees based on a quantum meruit theory (Count VIII of Weldon’s third amended complaint). They also appeal the trial court’s denial of their request for attorney’s fees under section 57.105(2), Florida Statutes (1989), in Weldon’s action on the mortgage and promissory note that resulted in a summary judgment for the Davises (Counts II and III of Weldon’s third amended complaint). Weldon, in turn, cross-appeals the summary judgment for the Davises as to Counts I through VII of Weldon’s third amended complaint. On appeal, we affirm the denial of the Davises’ request for attorney’s fees under the mortgage and promissory note and section 57.105(2). Finding that material issues of fact and law still exist, we reverse the summary judgments in favor of the Davises on the contract issues raised in Counts I, II, III, V and VII of Weldon’s third amended complaint.
Because we reverse the summary judgments for the Davises on the contract issues, we must also reverse the judgment for Weldon on the basis of quantum meruit (Count VIII). On remand, the court will have before it Counts I, II, III, V, VII and VIII. The parties are entitled to jury trial where appropriate.
The record before us shows that on September 14, 1989, William entered into a written contract with the law firm of Martino, Price & Weldon, P.A., in which the firm *956 agreed to represent William on certain criminal charges that had been lodged against him. That contract provided for a flat fee of $15,000, and provided that “[t]he attorney’s obligation under this agreement terminated upon disposition by dismissal, or plea, or trial.” (Emphasis added.)
Weldon, a member of the law firm of Mar-tino, Price & Weldon, P.A., represented William from September 14, 1989 through June 1990, and William paid the firm $8,000 for that representation under the contract. On July 1, 1990, the federal government filed a superseding indictment. Weldon, in the meantime, had become a solo practitioner.
On October 3, 1990, Weldon and William entered into a new representation agreement. That agreement provided that it “su-percedes [sic] all prior written and oral agreements” and that the consideration for the services to be rendered was “$30,000, payable within thirty days after termination of case by trial verdict or dismissal.” Unlike the September 14, 1989 agreement in which disposition by plea was specifically provided for, the October 3, 1990 agreement contained no such provision. William subsequently executed a promissory note in accord with the October 3, 1990 agreement, and Kenneth executed a mortgage to secure that promissory note. The promissory note provides that it is payable “within 60 days after termination by trial verdict, dismissal, or mistrial of a federal criminal defense case.... ” The note likewise does not specifically reference a plea termination of the ease. The criminal case against William, in which he was actively represented by Weldon, was terminated by a plea agreement on June 5, 1991.
In addition, the record contains eight invoices from Weldon to William during a six-month period beginning November 30, 1990, and ending July 5, 1991. Each invoice reflects charges for “attorney fee from Agreement 10-3-90 $30,000.00,” together with certain accrued costs. The record also contains a handwritten letter from William to Weldon, written while William was in prison, dated August 16, 1991. That letter states, among other things: “At this point I’m not speaking with my Brother as we are at odds over his loaning me any money at all, let alone the full $30,000.00.” Later, the letter states:
I am not trying to shirk my obligation as to legal fees. And I am trying at this time to find a remedy to the situation. I wish that you had taken payment earlier in our relationship when I had the means to consummate our agreement, that option is no longer available to me. It is very hard to make arrangement while incarcerated as you may well imagine. I will do my best to keep my word and I am seeking a solution.
Having concluded, therefore, that there are issues of fact and law remaining as to Counts I, II, III, V and VII of Weldon’s third amended complaint, we reverse the summary judgment as to those counts and also reverse the judgment entered as regards Count VIII, and remand those counts to the trial court for further proceedings.
THREADGILL and ALTENBERND, JJ„ concur.